Thank you, Your Honor. I may save three minutes for rebuttal of this ten-minute argument. My name is Bob Kovacevich. I'm pro se here. I'm a member of this court, of course, and I'm kind of in a double-handcap here. I have approval for a client, and the trial judge held that I was incredible, that my credibility was not to be believed as does the government. They don't believe me either. But I have the duty of then convincing Your Honors that I'm credible. A field battle, huh? Yes, Your Honor. Aside from being insulted with the holding, I don't feel I really have to argue my own credibility because the filed documents in this case and the adverse testimony of the government agent, the Internal Revenue agent, proved my case. I'd like to address So it's not the issue, counsel, of whether or not you were an employee of Western Mgmt. Yes, Your Honor. That's the major issue that runs through both these cases. And I can address that. The statute 3121d.1 says an officer of the corporation is considered to be an employee. As the briefs indicate, this was added in the 1935 law and a little later because Congress was concerned that a foreman or a person in control of people would not be an employee. Congress wanted to make sure that the term employee could include a person who was an officer or a person in control of other people. And there's no issue about your being an officer. Yes, there is, Your Honor. The government says that I was elected. What really happened here, again, I said I wouldn't argue credibility, we threw up some articles in the corporation. As most things happen in private practice, the accountant reported the income. I reported what I drew out. It went on like many things in law. As the court reads here, I practice 180 hours a week or a month, rather, and my concern was meeting deadlines like this one and getting the law work done. I paid no attention to officers. My wife is a director. It takes two directors, as Your Honors know, to elect an officer, and the election must be at a regularly called meeting or a waived meeting. What did the corporation do? So I'm saying I never was an officer. What did the corporation papers say about who was? The corporation papers, Your Honor, were never signed, and they put a 1982 draft as a meeting. There have never been any meetings of this corporation. Okay. So the unsigned papers, was anyone designated as an officer of the corporation? Yes, I think I was. And did you file tax returns or have tax returns filed on behalf of the corporation? Yes, Your Honor. You have a hard time telling us this corporation doesn't exist, and if it exists, it's not an officer, doesn't it? The corporation really should be disregarded, but it was filed and returns were filed. Well, this is 20 years after I've been filing returns on behalf of the corporation. That's right, Your Honor. So I have a little hard time accepting an argument that says, well, it never really happened, even though I said it happened year after year after year after year, and I'm a tax lawyer, and I should know that. Your Honor, that's a good question. I'm beginning to think that maybe he had a reason for not finding your testimony credible. I appreciate the Court saying that. Your Honor, I'm telling the Court that to be an officer, local law requires that directors meet and elect an officer. I filed with the State of Washington where it says, are you an officer? And they said, yes, I'm President. Why? Now, unfortunately, Your Honor, and the Court asks for credibility, the Court or the Secretary of State will not accept a list of officers unless a President is filled in. Well, that's the Secretary of State's concern. You've been telling the IRS for years that you're the President. I have a hard time with a position that tries to say, whoops, never mind, when it seems to be to your advantage to say that. Aren't you going to stop from saying that, having represented and portrayed yourself to be the President for all those years? The Court may be right that I may be a stop, but does that make me an elected officer? I acted. Counsel, are you going to stop from denying otherwise? Your Honor, I think I appreciate the Court quizzing me on this matter. I acted as an officer. Does that make me an officer? That's the question. Am I a stop? Counsel, I'm trying to understand your argument. You're saying that if you fail to comply with the requirements, then you should benefit from that by not being designated an officer for purposes of tax law? No, Your Honor. The statute says an officer. It doesn't say a person acting as an officer. Okay. I understand your argument. But in a sense, it merely says an officer. I was not an officer under local law. Okay. I'd like to refer to my settlement deduction, Your Honor, where there was a payment to a person named Stokey to avoid adverse publicity. Page 30 of the excerpt has a copy of the Form 8275. And it files and it cites the case of Pepper and Jenkins and Lorkey where I say, look, I took a deduction for $39,000 on my Schedule C. Here are the cases in support. The trial court, and that's at Excerpt 19, never mentions the cases that I cited. The government, in its brief, never mentions the cases I cited. There is no law to the contrary. My brief has a total recitation of all that law. There is no dispute as to whether these cases are applied. All of them apply. They're about lawyers who paid settlements to avoid adverse publicity. I reported, and the government did not dispute, $111,000 on my Schedule C as law income. The trial court said that since they classified me as an employee, this deduction, which the government stipulated, was deductible. But just where it was on the return is a Schedule A, an itemized deduction. Actually, that was wrong. Because if you're an employee, how can you get an itemized deduction to protect your reputation as an employee? But regardless of that, no one, the Internal Revenue Service, did not dispute my $111,000. I reported as Schedule C on that. Counsel, are you saying, then, that the itemized deduction should not have been, that it should not have been treated as a deduction? Probably should not. Okay. If the trial court says you're an employee, you get the deduction as an itemized, then there's a question of whether you're in the business of being an employee and can protect your reputation as an employee. I'm sure the IRS would be happy to take that itemized deduction away. I don't think they will, Your Honor, but they so stipulate it. And what I'm telling this Court is that, and there's another case in support of that, in 112 Tax Court 325, that does, upholds the same type of deduction. I'm urging to this Court that if I had Schedule C income that they did not attack, why can I not get a deduction as an employee, or a Schedule C business expense, because it's supported in the record in all the cases? The government has no cases to the contrary. The Court did not review any of my cases and actually ignored it all. On top of that, the Court said, look, even though you filed and informed the Internal Revenue Service of this issue with your tax return, you're still negligent and you willfully misled the government. Counsel, would you enlighten me regarding your position that your income was Schedule C income? Your Honor, the regulations say that a practicing lawyer is an independent contractor. 31D1B, I think it is. That only goes if you're not an employee. Your argument prevails only if we accept your argument that you are not an employee, right? It stands unequivocally. If you practice law, you're an independent contractor. My question is, if you are considered an employee, then you don't have Schedule C income. Is that correct? That's correct. Okay. But the Internal Revenue Service did not dispute the $111,000 Schedule C income. Was there a reason to do so? In terms of income terms, they disputed the amount, and that's the other issue. But in terms of where it goes, does it matter to the government whether you're reported as wages or you're reported as Schedule C income? Well, if they were to be consistent, they would say the $111,000 is employee income, and therefore we can't allow you any deductions on Schedule C. But they were not consistent. I think that's what they are saying. They said they can't allow you any deductions on Schedule C. They belong on Schedule C. Well, no, Your Honor, the Schedule C is on page 30, I believe, is the excerpts or the return, and there are many, many deductions taken under Schedule C. They just disallowed one. Yes, Your Honor. The excerpts, page 42, report $111,000 gross income and $72,000 expenses. The government didn't touch that. In a perfect world, I guess you'd pro-rate. But how can I have $45,000 of employee income, $111,000 gross income of Schedule C income, and a deduction to preserve business reputation is solely a Schedule A deduction? It's totally inconsistent. But more important, I'm in private practice of law. I reported as Schedule C. I had all these other deductions that they didn't touch, and it's certainly a business expense to protect your reputation to pay a settlement. In that particular case, all the names were in the local newspaper and so forth. Counsel, where are the Schedule C deductions in the record that you're saying IRS didn't question? Excerpt 42, Your Honor, Schedule C, 1992. As the court, I think, is following their report, $111,000 gross income. Right. The advertising. Yes, all the other deductions. Appreciation, insurance. Appreciation, interest and so forth. Right. Filing fees. Most of those issues aren't before us or nothing. None of them are, Your Honor, except at line 29, the $39,424. I want to point out that I reported on a Schedule 82 schedule with the return, again, that I filed the form citing the cases, none of which even as of today have been disputed. They're exactly in point. I covered them in my brief, and I'm entitled to the deduction. Additionally, when substantial authority was cited, not disputed, how can I be penalized for not following regulations when I had six cases there? Additionally, as I tell in my brief, I tried a case called Seeds. The local district court judge, Chief Judge Nielsen, held in my favor on a client case that an officer was not an employee. So do I have substantial justification? I submit to this court, yes. Not only did in the ---- But must we not look at the facts of each individual case to make that determination as to whether one is an employee or not? Are you suggesting because of Judge Nielsen's decision that that should apply here as well? I'm suggesting, Your Honor, yes, that among other citations of authority, the Seeds, Inc. case, which puts me in a little unusual situation that I tried and succeeded on, gives substantial authority along with other cases. And so there was a successful sustaining by a district court judge and the government did not appeal that case. So I'm saying that, Your Honor, is substantial authority. Why should I be penalized when there are cases in support of what I took on my own return? The second issue, which may be a little difficult to get in, is the fiscal year, Taxpayer C Corporation. As briefs indicate, the government passed through an indication of income onto my personal return, a kind of an imputation of income, saying, well, look, we compared the corporate return and we made it, in a sense, this is a taxpaying Schedule C return, and we made it, in a sense, a subchapter S where all the income passes through. To even make it worse, they took a fiscal year ending and compared it to a calendar year on my personal return. Was there any other recipient of compensation income from the corporation during this time period? Yes, Your Honor. There was rent. I'm referring at the moment to the compensation. I'm sorry, Your Honor. I mean, it seems to me at some level the money that the corporation claims as an expense for compensation has got to match up on the other side with what the people being compensated have received. Setting up a fiscal year that's different than a calendar year doesn't obscure the fact that over time a dollar that goes out here needs to come in someplace else. I agree with you, Your Honor. Anyplace else they came in. I'm in total agreement with you, Your Honor. And at page 124 of the excerpts, we analyzed every check and all the income deposits by quarter. And the revenue agent said, I ignored that. And she also said, I didn't mess with the rents, Your Honor, the office equipment and all that. I'm asking a simpler question. The money that the corporation reported paying out as compensation, where did it come in? Who reported it as income? It came in to my individual. And how come your numbers don't match? You don't show as much money coming in as they show going out. The reason they don't match, Your Honor, is their fiscal year comparisons to. That works for one period. But it doesn't work over several years. I can give the Court another example. In the Schedule C I just referred to, there's $3,600. And there are several checks written to cash that they took as draws. Those are deductions I paid in cash, Your Honor. So eventually, I got advances that were repaid. So there is no total consistent. I agree with the Court in theory. Eventually, those have to match. But they match in different periods. You haven't shown us where they do match. You haven't shown us where the catch-up is. Yes, Your Honor. The actual finding by the tax court, the petitioner received $135,000 and $132,000 relating to $92,000 and $94,000, but reported only $90,000 in compensation each year. Okay, that can happen if the years don't match. But someplace, the balance of the money needs to show up. Where does it show up? That's right, Your Honor. Excerpt 123, we put in the exhibit matching that. And then the exhibit that the revenue agent relied on, the diagram, is at excerpt 125, and the agent said zero in 91, $45,000. There was a negative. I reported more income for the comparison for the different periods, reported $5,700 more income than she analyzed with withdrawals. So there's a negative in the middle year. Then she rounded the $44,000 to $42,000. Then, while I think it's a mistake, she shows a difference in 1995 of $145,000. Well, Counsel, this was complicated a little by the fact that some of your ostensibly personal expenses were paid with corporate checks to fitness clubs, Montgomery Ward, Sears. How is that calculated in the equation? That's under independent contractor income, Your Honor, and that's reported in my personal. That's where the $111,000 comes from. There's also, it's not quite that easy because I took $8,800 in the income in that same year. At excerpt 42, refund of attorney fee. Under item 6, excerpt 42, it says refund of attorney fee, $8,800. Now, that deduction was taken in a prior year by me, and then the attorney refunded me $8,800, so I took it into income, which is via distortion also. It's not an easy account. But it's a distortion that boosts the size of your income, but it doesn't help explain why the company's reporting more compensation than you're reporting collecting. Well, Your Honor, since it's a refund from a prior year, it would be taken as a deduction in a prior year, and that prior year would have to be adjusted. But I took it into income in a later year to restore the deduction. Now, what I'm saying, a fundamental problem on this issue is that as I look at the returns and I look at the chart prepared by the revenue agent, I see more money being reported by the corporation as going out than I see you acknowledging coming in. And I understand it can vary from year to year because they operate on different years, but it's got to be there someplace. So where is it received by you? I agree with the Court. It's got to be in there somewhere. The rents were not adjusted. The rents varied from year to year. Rents. You keep telling me about rents. And it's beginning to have the look of a shell game. Just show me where on your returns you acknowledge compensation from the corporation that matches what they've deducted as an expense. On the Schedule C at 42, rents are reported. Are rents deducted by the corporation as payment of compensation? Yes, Your Honor. They call that compensation? What the accounts did, they put everything in the draw account. They actually put things in the draw account that were never distributed to me. So it was a catch-all account. And it would adjust out, but eventually it has to even out. I agree with the Court. And the rents varied from year to year. There were third-party rents that came in that I reported that weren't reported there. So the Court's theory is correct. It eventually has to work out. The analysis the revenue agent made was wrong half the time. And her analysis is wrong. And you can't make an imputation when you have to prove it by actual distributions and checks. And that's what I wrote on the Castellano case in the brief. There can't be an imputation of income unless there's a paycheck. There was no paycheck here. There was no recharacterization. So the income imputation is totally bogus, Your Honor. I'll save the rest. All right. Thank you, counsel. May it please the Court. My name is Regina Moriarty, and I represent the Commissioner of Internal Revenue. Can I ask a question? Are we doing both cases? Yes. That's what I announced before. Okay. I just wanted to make sure. I think I've addressed most all of this in our both of the briefs, the questions. How about the Schedule C income that was argued by counsel and how the IRS treated that? I think the IRS tried to do things very simply here. They tried to take the deductions that the corporation took on their return as compensation to an officer and ensure that that same amount was reported on Mr. Kovacevic's individual return. The rents were segregated out, and when they looked at those differences and compared the years, the calendar year versus the fiscal year, found out that for 92 and 94, that $42,000 or $45,000 wasn't reported consistently, they simply said, we want you to report that. It didn't really matter in terms of the amount of income that is the amount of income tax that Mr. Kovacevic would have due on his personal return, whether it showed up on a Schedule C or whether it showed up as wages. They really, I think, thought it all was wages, given what the notice of deficiency said, and I honestly can't tell you if they took it off of the Schedule C and put it just onto a line as wages on this 1040. What about the deductions that he took under Schedule C, the business deductions that he's saying the IRS allowed, which would be inconsistent with then treating the settlement as an itemized deduction under Schedule A? Why were some allowed under Schedule C and others required to be taken under Schedule A? I don't know the answer to that. Let me ask, see if one possibility would be consistent, and that is the Schedule C reports to be reflective not only of a business of legal services, but of leasing services. And as we've heard, I don't know whether it's the same rental that we're hearing about, but to the extent that the individual taxpayer was receiving money for lease rent for equipment, office space, whatever it was, then that would be a separate business activity than legal services. You're exactly right. But I don't really know how they separated it out or what they did. I mean, if they didn't have that separate lease rent, if it was all from the practice of law, then there would be something to the taxpayer's argument that, gee, most everything on this schedule would be employee miscellaneous business expense, and so would presumably show up someplace else. But feeding into that are so many of his arguments that he makes a dual capacity or those kinds of things. There's just no evidence as to how much services he did in certain respects, and it was all intertwined and intermingled. And as Judge Marshall indicated, those issues are not before us anyway. It was just an argument. Right. A couple factual things. Exhibit 49 in the record are minutes from the Board of Directors that, in fact ---- What page is that on? I don't know that he put it in the excerpt of record, but it's Exhibit 49, and it's minutes from the meetings. And it is, in fact, signed. He stood up here a moment ago and said it wasn't signed. It's signed as saying he's elected President, Secretary, Treasurer. That was Exhibit 49 in the tax court. In the tax court, yes. I had a question. The government seems to concede that if the individual taxpayer, in fact, had paid withholding taxes, that the government then could not collect that also from the entity. That's correct. Maybe counsel can address that. What do we do with that, this Court? Do we have to remand it to the tax court in order for them to make some additional calculations, or? No, Your Honor. It's just one of those things that what happens in this case is you want an opinion saying that the corporation is liable for the income tax withholding. You want a decision that says the taxpayer has this much income tax. And when the two are messed up for the individual years, the IRS simply does not collect, is not permitted to collect. But they have to ---- you have to establish that both of those taxes are due. Well, there may have been an overpayment, though. There may have been double taxation. If the withholding tax was taken from the corporation and also taken and the individual also paid withholding taxes, wouldn't the tax court then have to come to a calculation as to whether all of ---- whether there was some overpayment? You calculate each separately. And in this case, there's not for 92 and 94, because what happens is when you look at an individual's return and you figure out your income tax, the self-employment tax is all on that same return. And you come up with the taxes due at the bottom of that line. And in this case, because he underreported his income, the wages, the 42 and $45,000 amounts, it turned out that the amounts that he paid, as he indicated, for self-employment taxes were in fact prorated to his income tax. And so there turned out not to be a credit for 92 and 94. There, in fact, were deficiencies for those years. So ---- but in the end, when the IRS looks at all the income tax that he's paid for that year, they will not collect that same income tax from the employer. They are going to ---- But it's already been done. Well, it's just credited out. It's just ---- they're just ---- But who does that? Well, the IRS does that. So you'll go back to these years. If we make a determination that there should be an offset of the income tax paid both by the corporation, you know, the withholding tax by the corporation and the income tax paid by the individual employee, then the IRS will go back and adjust? Right. They just don't collect from both parties. They will ---- I mean, it's just ---- they're like ---- Our hesitation is that we're not in the business of issuing judgments that somebody else could decide whether or not to collect. Exactly. So ---- But, I mean, they're decisions that the corporation should have withheld this much as income tax withholding. And that's correct. And then there's ---- It's paid over to the IRS, right? The company withholds ---- Well, you need that decision to say you should have withheld that. And then when the corporation can prove that the individual paid that same amount of income tax, then the IRS doesn't collect it. So, in other words, you're not looking for us or expecting this Court to decide any amounts. Correct. So you simply want us to make the findings and then leave it up to IRS to make the necessary adjustments. That's correct. So what happens if the taxpayer and the IRS don't come to an agreement as to what the appropriate adjustments are? The taxpayer is facing a judgment. We have the two separate cases in front of us at the same time. We've got this ---- we'll have a deficiency, in effect, a judgment against the corporation, a judgment against the individual. If there's an overlap, you can tell us the IRS can elect not to collect it. What happens if there's a disagreement? At this point, the taxpayer's corporation and individual are facing judgments in potentially overlapping amounts. I mean, isn't that something we're supposed to resolve as part of the adjudication? I mean, I don't know what to say other than that the statute doesn't permit us to collect twice and we don't collect twice. Well, you'd never be in court if everybody agreed that you comply with the statute. That's the problem. There may be disagreement regarding the extent that you comply with the statute. I would feel more comfortable sending it back to the tax court, remanding it to the tax court in light of the government's concession that it cannot collect both from the individual and from the corporation and have the tax court to look at this particular issue specifically with the numbers and determine to what extent there has been double payment and have the tax court direct the IRS in this matter. I feel a little uncomfortable believing it with just kind of a blurry. I understand your concerns. But right now, there isn't a double payment because there are deficiencies for the individual years. I guess what we're asking is, do the deficiencies cover the same territory at all, so that if they're both paid, there would, in fact, be a double payment for some portion? No. Because he's – Mr. Kovacevic is saying, I've paid self-employment taxes. And the IRS is saying, on your original term, you listed those as self-employment taxes. Not self-employment taxes. We're talking about income taxes. That's different than self-employment taxes. There is also an issue there than self-employment taxes. Yeah, there are two different things, self-employment taxes and income taxes. But as of right now, he hasn't – hadn't paid his entire income tax. That's why there were deficiencies. That's the question. That's exactly the point. The point is, if he – he paid some income taxes. Correct. He paid some income taxes. The corporation did some withholding taxes. And so it's unclear whether there was too much paid when you look at them both jointly. Self-employment tax is a different issue. Yeah. I think you're confusing the self-employment tax and the income tax. And right now, we're talking about the income tax. I don't know what we're talking about. Well, I don't know what anybody else is talking about, but I'm talking about the income tax. The income tax that was paid by him as an individual as opposed to the withholding tax for income tax purposes paid by the corporation. I think the answer might be 3402D. Can we read it to you? Well, I'm interested in the facts. The facts of this case. The facts of this – yeah. Well, 3402D, I think, allows the IRS to say that both people owe it and somebody's going to pay it. And once one of them pays it, the other will. That's the point, though. The point is, based on the facts of this case, who paid what and who owes what. Follow the hypothetical. Just assume that. Because there are dollar numbers put down in the tax court decision, and we're being asked to affirm, affirm in part, reverse in part, remand, whatever else. If we simply affirm, as we're being asked to do, those dollar numbers become, for court purposes, a judgment. But can't be attacked subsequently. And if those dollar numbers overlap such that if Western Management is required to pay the full amount listed there and the individual taxpayers are required to pay the full amount listed there, if there's a double counting of some sort, if what the taxpayer is required to pay results in Western Management under 3402D not properly being liable for some part of the number that's down for them, you can tell us that the IRS won't collect, but our problem is we've issued a judgment, which the taxpayer doesn't have another way to go after in case you and the taxpayer can't reach an agreement on what that overlapping amount is. Now, I can't even figure out if there's an overlapping amount. I've gone back and forth, and I'm kind of thoroughly lost in the tax forms. But it appears that there is, and it appears that the government doesn't dispute that if there is an overlap, it can't be collected twice. Right. It's our obligation to fix that before, not to leave it to the administrative process later to hope that it works out properly, because there have been indications that the IRS and the taxpayers aren't reaching agreements on everything. So that's where we are. All I can say is 3402D covers this. And when, I think as of right now, that there are still outstanding deficiencies in income tax on Mr. Kovacevic's individual returns. How does 3402D cover it? It permits the IRS to assess the income tax withholding. It says, or if the employer fails to deduct and withhold the tax, the tax so required to be deducted and withheld shall not be collected from the employer, but this Are you telling us that in effect, because you haven't gotten the money yet and you've got to try to get it from wherever you can, it's sort of like a joint. What we would deal with more commonly is a joint and several liability for the overlapping amount. You don't want the deficiencies to be reduced for either one or the other. Until. Because you're entitled to collect it from either one, whoever you can find. Right. But you acknowledge you can't have it from both. Right. So if we would, in effect, assuming we affirm the tax court determination otherwise, in our judgment, note that there is a portion that is joint and several, making reference to 3402D, that at least would give the taxpayer a recourse later if, in fact, there turns out to be an inability to agree on how much shouldn't be paid by both. It would be easier for us if we knew what that amount is. But for the life of me, I can't figure it out. And I don't either. Yeah. I know that Cincinnati has made deposits and various things, and that just. Well, what did the tax court find regarding the income tax? Well, they said that the individual owes income tax and that the employer should have withheld it. And both of you are at this point in time liable until one of you pays up. So I think there may be an answer to this that I just. Why not remand it to the tax court? I mean, it seems like you don't want us to do that. I just don't know that it's proper. So maybe I can ask this question when I get back and if there's a. It's always proper to remand if the judgment isn't fully clear to us. That's something that we do all the time. If a judgment comes up from a court and we can't understand what the court did, we generally do remand for the court to tell us what it did and why it did what it did. But, well, I guess that is different than the fact that you can have two people who are liable for a judgment and vote. You can hold both of them responsible until they're paid. I mean, there are employment cases with responsible officers where you could have, you know, two officers who haven't paid the employment taxes. And they both are individually liable. Right. But the taxpayer, the tax court is the finder of fact. And so we rely upon the tax court. Well, I can't tell what the tax court found on this issue. I can't tell. Can you tell me where in the tax court decision the tax court addressed this issue and said who's liable for what amount? Because the tax court addressed them separately, even though they treated the thing together. It announced amounts for the two separately. And I understand from the tax court's perspective it wasn't concerned about the possibility of overlap or overpayment because it was doing it one at a time. We've got them both together at the same time. And the same judge. Well, the same judge. And so, frankly, I'm trying to be polite in saying, yeah, I think he should have done that. We don't take as a given that it's all going to work out in the end and the taxpayer and the service are going to reach agreement on what that amount is. The reason we're here is that people are fighting over it. Well, I think the starting point is the individual's liability. And that's pretty clear. It's the corporation liability that can vary. And so? Because the corporation's liable but not liable if it's paid by somebody else. Right. But we don't have a piece that articulates how much that is. I think that I don't – I didn't bring the excerpts up with me for the corporation, but I think if I'm remembering correctly, and you'll let me grab it, I think that the decision sets out in a column what the income tax would be. Not on this issue. Not on the – not on the overlap. That's the problem. I don't think so. And maybe I'll just suggest on the fly to my colleagues, if you can point to something  through the day of the argument, if you can submit a citation to the record of something else where we have that number, it would be easier. But we haven't found it, so. We've dug pretty hard. We know that the tax court accepted certain calculations that were provided by the government. But that doesn't answer the ultimate question of what amount is due and owing by whom. On the – on page 11 of the excerpts for Western Management, it sets out quarter by quarter what the FICA tax is and what the income tax withholding is. And, I mean, that's the figure that if – once Mr. Kovacevic pays his income tax, that's the figure you're looking at. Is all of that pertaining to the individual taxpayer in this case? One of the questions I asked earlier and never really pinned down, is there anybody else, an office manager, somebody else that's part of that? Not including in that contract labor officer figure. Okay. There was just one thing I wanted to mention, an argument that came up in the reply brief about the FUTA taxes. And the code sections Mr. Kovacevic cites, too, in that case, he says you can't assess FUTA taxes. And what those code sections, when you read them together, 3301 allows – imposes FUTA taxes. And employers are supposed to pay or make deposits quarterly. And the 6201 section saying you can't assess is referring only to the quarterly payments that come due that we won't assess just until the end of the year. Got it. I just wanted to explain that. I'm sorry I couldn't answer the income tax withholding. You may have given us the answer. If he's the only employee that's covered by that column, then the whole number for income tax withholding is the number potentially covered by his payments if the tax is paid by him as the individual taxpayer. Everything in that column would be in the category we're talking about. Thank you. Thank you, Counsel. Any further rebuttals? Your Honor, the Court is entirely right. And Your Honor, Judge Clifton has her finger exactly on the issue. At excerpt 138, the Internal Revenue Service, the agent said, so the tax was fully paid on the 1040 returns, 94 and 95 correct. Right. She verified that. That's in the Western Management excerpts, 138. She admitted and agreed that my 1040 tax was paid. Now, I believe there has to be a remand because one of the years we're talking about For what purpose? You would have us remanded for the tax court to determine what?  And there's a reference to Western Management and the Court of Claims. I paid, there's some $18,000 refund requested for 92 where the same issue is present. And Judge Firestone there said, I'm staying this case until the Ninth Circuit makes a decision. So there's $18,000 sitting there on a refund requested by Western Management. All of the taxes here, withholding, Social Security, are all regarding myself. The employees who we classify as actual employees, two people in the office, I'm a sole practitioner. All of that withholding has been paid. The returns have been filed. There's no dispute whatsoever on anyone but myself. So everything paid. Now, 3402 says, 26 U.S.C. 3402 states clearly that if the tax is paid by the recipient, there must be a credit. She admits it was paid. The court made a double assessment of income tax. The Social Security was paid by me as self-employment. Again, the tax returns verify that. There's a deduction taken for $2,200, which is half of what was paid, $4,400. That, I'm receiving Social Security now. The only Social Security. Now, we're talking about a different type. We're talking about, do I qualify for a pension? None of the money. I've paid some $40,000 already, incidentally. Counsel indicates I haven't paid the tax deficiency here personally. I've paid it. There's $8,000 in dispute. But substantially, all of the judgment here has been paid. I don't know how counsel would know whether I paid it or not. But I have to counsel checks if that becomes an issue. I'm still not clear if I think you're suggesting that we do need to remand to the tax court. For that reason and others, yes. What instruction does this Court give to the tax court indicating the purpose for the remand? I very much appreciate Your Honor's concern on this issue. The instruction, Your Honor, I would suggest that the taxpayer resubmit what they've paid, what taxpayers have paid, including the court of claims amounts of money, and that there be a rehearing, or it's up to, of course, the trial court, to determine what amounts have been paid and then a judgment reduced. It takes some calculation, and I have no problem because I've only been paid by check. I can easily prove what was paid and which is everything personally. And that would avoid the double judgment, which has been rendered against me. The irony, of course, is that if any amount paid by Western Management is credited to me, there is a case in Supreme Court that says at the time of payment, so then do I get a payment on my current income when that's paid? It's a double withholding. The withholding system says only you only have to collect twice. I submit to Your Honors, too, that the Social Security, which I paid with the return, self-employment tax, there cannot be an assessment above the maximum. And I've listed the maximums in the brief, and the bubble room case in the Federal Circuit says you cannot collect self-employment or Social Security taxes above the maximum. And so there has been a double collection of Social Security. I'm not going to get any more Social Security because there's a double collection. In theory, the government is a trustee, and it should not over-collect. There's a difference, of course, in this case when you talk self-employment, because you're talking do I get an extra pension, of which I will never get, for over-collection of Social Security. I've already been certified on the self-employment tax, and that's what I get monthly. It's based solely on the self-employment tax I've paid. All right. Thank you. Thank you to both counsel in this case. The case just argued is submitted for decision by the court. The next case on calendar for argument is Messinger v. U.S. Bank Corp.
judges: Rawlinson, Clifton, Marshall